IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
16 OCT 21  PM 4:21
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
          DEPUTY CLERK

DEEPAK BUDHATHOKI, CLESMY E.
CANALES GONZALES, KATHARINE
YURLIETH TURCIOS-PEREZ, on behalf of
themselves and all other similarly situated
persons,
              Plaintiffs,

-vs-                                            Case No. A-16-CA-275-SS

DEPARTMENT OF HOMELAND SECURITY;
JEH JOHNSON, Director of DHS, in his official
capacity; LEON RODRIGUEZ, Director of
USCIS, in his official capacity; and MARIO
ORTIZ, USCIS District Director for San
Antonio, in his official capacity,
              Defendants.

## ORDER

      BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendants Department of Homeland Security, Jeh Johnson, Leon Rodriguez, and Mario Ortiz's Motion to Dismiss [#22], Plaintiffs Deepak Budhathoki, Clesmy E. Canales Gonzales, and Katharine Yurlieth Turcios-Perez's Response [#27] in opposition, Defendants' Reply [#30] in support, and Plaintiffs' Sur-Reply [#35] in opposition. Having considered the documents, the governing law, and the case file as a whole, the Court now enters the following opinion and orders GRANTING the motion.

## Background

This is an administrative appeal under the Administrative Procedure Act (APA). *See* 5 U.S.C. §§ 701–06. Plaintiffs appeal the denial of their "Special Immigrant Juvenile" (SIJ) petitions by Defendants Department of Homeland Security (DHS), Director of DHS Jeh Johnson, Director of U.S. Citizenship and Immigration Services[1] Leon Rodriguez, and U.S. Citizenship and Immigration Services District Director for San Antonio Mario Ortiz's (collectively, USCIS). Plaintiffs ask the Court to enter a declaratory judgment that the denial was "arbitrary, capricious, and contrary to applicable law," and in excess of USCIS's statutory jurisdiction and authority. *See* First Am. Compl. [#21] ¶ 39; 5 U.S.C. § 706(2)(A), (C).

Congress created SIJ status under the Immigration and Nationality Act of 1990 (INA). *See* 8 U.S.C. § 1101(a)(27)(J). SIJ status is a form of immigration relief permitting non-citizen children to obtain lawful, permanent residency and, eventually, citizenship in the United States. Under the statute, a SIJ is defined as an immigrant who is present in the United States—

> (i) who has been declared dependent on a juvenile court located in the United States or whom such a court has legally committed to, or placed under the custody of, an agency or department of a State, or an individual or entity appointed by a State or juvenile court located in the United States, and whose reunification with 1 or both of the immigrant's parents is not viable due to abuse, neglect, abandonment, or a similar basis found under State law;
>
> (ii) for whom it has been determined in administrative or judicial proceedings that it would not be in the alien's best interest to be returned to the alien's or parent's previous country of nationality or country of last habitual residence; and
>
> (iii) in whose case the Secretary of Homeland Security consents to the grant of special immigrant juvenile status, except that–

---

[1] U.S. Citizenship and Immigration Services is the component of DHS that oversees lawful immigration to the United States.

> (I) no juvenile court has jurisdiction to determine the custody status or placement of an alien in the custody of the Secretary of Health and Human Services unless the Secretary of Health and Human Services specifically consents to such jurisdiction; and
>
> (II) no natural parent or prior adoptive parent of any alien provided special immigrant status under this subparagraph shall thereafter, by virtue of such parentage, be accorded any right, privilege, or status under this chapter.

*Id.* USCIS's regulations define "juvenile court" as "a court located in the United States having jurisdiction under State law to make judicial determinations about the custody and care of juveniles." 8 C.F.R. § 204.11(a).

Thus, to obtain SIJ status, a juvenile must complete a two-step process. First, the juvenile must apply to a state "juvenile court" for a predicate order finding that:

> (1) The juvenile is under the age of 21 and is unmarried;
>
> (2) Reunification with one or both of the juvenile's parents is not viable due to abuse, neglect, or abandonment or a similar basis under state law;
>
> (3) It is not in the best interest of the juvenile to be returned to his parents' previous country of nationality or last habitual residence;
>
> (4) The juvenile is dependent on the state court or has been placed under the custody of an agency or an individual appointed by the court; and
>
> (5) The state court has jurisdiction under state law to make judicial determinations about the custody and care of juveniles.

*See* 8 U.S.C. § 1101(a)(27)(J)(i), (ii); 8 C.F.R. § 204.11(a), (c), (d). Second, the juvenile must submit an application, which includes the state juvenile court order, to USCIS, demonstrating his statutory eligibility. The Secretary of Homeland Security, generally through USCIS's directors, must consent to grant SIJ status for each applicant. *See* 8 U.S.C. § 1101(a)(27)(J)(iii).

Here, Plaintiffs filed Suits Affecting Parent-Child Relationship (SAPCR) with state courts in

Texas. *See* Mot. Dismiss [#22-1] Exs. B, D, E (SAPCR Orders). In each Plaintiffs' case, the Texas courts made the following findings:

> (1) Plaintiff is under the age of 21 and is unmarried;
>
> (2) Plaintiff has been subjected to parental abandonment and neglect and reunification with one or both of Plaintiff's parents is not viable due to abandonment or neglect; and
>
> (3) It is not in Plaintiff's interest to be returned to Plaintiff's country of national or last habitual residence.

*See id.* In addition, the Texas courts awarded Plaintiffs child support. Finally, the SACPR orders state the Texas courts retained continued jurisdiction over Plaintiffs until the orders were amended or one of the following conditions was met:

> (a) [Plaintiff] reaches the age of 18 or graduates from high school, whichever occurs later;
>
> (b) [Plaintiff] marries, dies, or is emancipated by court order; or
>
> (c) [Plaintiff] enlists in the armed forces of the United States and begins active service.

*See id.*

Following the entry of the SAPCR orders, Plaintiffs filed SIJ applications with USCIS. *See* First Am. Compl. [#21] ¶ 1. The USCIS San Antonio Field Officer Director denied Plaintiffs' applications "because the record lacks evidence that the SAPCR[s] included with [Plaintiffs'] SIJ petition[s] w[ere] issued pursuant to the court's jurisdiction over [Plaintiffs] as [] juvenile[s]." Mot. Dismiss [#22-1] Exs. A, C, F (Notices of Decision). Specifically, the Field Officer Director determined there was "insufficient evidence to conclude that the SAPCR was issued by a *juvenile court* making a care and custody determination of a *juvenile*." *Id.* Plaintiffs appeal USCIS's denial of their applications under the APA. USCIS now moves to dismiss.

## Analysis

### I.     Legal Standard—Rule 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. Although a plaintiff's factual allegations need not establish that the defendant is probably liable, they must establish more than a "sheer possibility" that a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). In deciding a motion to dismiss, courts may consider the complaint, as well as other sources such as documents incorporated into the complaint by reference, and matters of which a court

may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## II. Application

### A. Availability of Judicial Review

Although neither party addresses whether this Court is permitted to review USCIS's denial of Plaintiffs' SIJ applications, the Court recognizes that the INA limits judicial review in some circumstances. For example, 8 U.S.C. § 1252(g) provides that no court shall have jurisdiction over cases "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders . . . ." *See also* 8 U.S.C. § 1252(a)(2)(C) (courts lack jurisdiction to review a deportation order). After reviewing the statute, however, the Court finds it does not restrict judicial review of denials of SIJ applications. *See M.B. v. Quarantillo*, 301 F.3d 109, 111 (3d Cir. 2002) (court had jurisdiction under INA to review Attorney General's denial of SIJ applicant's request to have dependency status determined by state juvenile court).

The Court must also determine whether the APA permits judicial review. As a starting point, there is a "well-settled presumption favoring interpretations of statutes that allow judicial review of administrative action . . . ." *Texas v. United States*, 809 F.3d 134, 163 (5th Cir. 2015) (internal citation and quotation omitted). The APA specifically provides that a "person suffering legal wrong because of agency action . . . is entitled to judicial review . . . to the extent that . . . agency action is committed to agency discretion by law." 5 U.S.C. §§ 701(a)(1), 702, 704. In other words, "[t]here is no judicial review of agency action 'where statutes [granting agency discretion] are drawn in such broad terms that in a given case there is no law to apply . . . .'" *Texas*, 809 F.3d at 165 (internal citation omitted); *Lincoln v. Vigil*, 508 U.S. 182, 191 (1993) (Judicial review is not available "in those rare circumstances where the relevant statute" is so drafted "that a court would have no meaningful

standard against which to judge the agency's exercise of discretion.") (internal quotation and citation omitted).

Here, the Court finds it has a sufficient standard against which to judge USCIS's decision to deny the SIJ applications. As detailed above, the INA and USCIS's regulations provide the requirements for SIJ eligibility. See 8 U.S.C. § 1101(a)(27)(J)(i), (ii); 8 C.F.R. § 204.11(a), (c), (d). The Court concludes this statutory framework supplies law for the Court to apply, making judicial review available.

**B.     Reasons for USCIS's Denial of Plaintiffs' SIJ Applications**

In the Notices of Decision, USCIS explained its reasoning for denying each Plaintiff's SIJ application: "[a]fter a careful review of the entire record, USCIS concludes that you have not met your burden of establishing your eligibility for SIJ status because the record lacks evidence that the SAPCR included with your SIJ petition was issued pursuant to the court's jurisdiction over you as a juvenile." See Notices of Decision. In its Motion to Dismiss, USCIS breaks this reasoning into two parts: (1) the Texas courts were not "juvenile court[s]" as required by the statute and defined in the regulation; and (2) the SAPCR orders did not declare Plaintiffs dependant on the Texas courts as required by the statute. See Mot. Dismiss [#22] at 13–18.

   **1.     USCIS found the Texas courts were not "juvenile court[s]."**

Under the INA, §1101(a)(27)(J)(i) defines a SIJ as one "who has been declared dependent on a juvenile court . . . or whom such court has legally committed to, or placed under the custody of, an agency or department of State, or an individual or entity appointed by a State or juvenile court . . . ." Similarly, § 204.11(c)(3) of the USCIS's regulations states an SIJ applicant is eligible if he "[h]as been declared dependent upon a juvenile court located in the United States in accordance with state law

7

governing such declarations of dependency, while the alien was in the United States and under the jurisdiction of the court . . . ." Section 204.11(a) of the regulations defines "juvenile court" as "a court located in the United States having jurisdiction under State law to make judicial determinations about the custody and care of juveniles."

Based on these statutory provisions and regulations, USCIS determined that because Plaintiffs were over 18 years old at the time they obtained the SAPCR orders, the Texas courts were not "juvenile court[s]" as described in the statute. *See* Mot. Dismiss [#22] at 17–18. In the Notices of Decision, USCIS points to § 101.003(a) of the Texas Family Code, which defines "child" as "a person under 18 years of age who is not and has not been married or who has not had the disabilities of minority removed for general purposes." *See* Notices of Decision. Since Plaintiffs were over 18 years old, USCIS reasoned, they were not juveniles under Texas law. *See id.* Therefore, the Texas courts were not making determinations about the custody and care of juveniles and could not be considered "juvenile courts" as defined by the INA. *See id.*

Plaintiffs respond that the Texas courts are juvenile courts. *See* Resp. [#25] at 14–15. Section 101.003(b) of the Texas Family Code states, "[i]n the context of child support, 'child' includes a person over 18 years of age from whom a person may be obligated to pay child support." Because the Texas courts awarded Plaintiffs child support, Plaintiffs claim they were children under Texas law. *See id.*

### 2. USCIS found the SAPCR orders did not declare Plaintiffs dependent upon a juvenile court.

USCIS advanced another reason in the Notices of Decision for denying the SIJ applications: the SAPCR orders were insufficient because they did not declare them dependent upon a juvenile court

8

as required by 8 U.S.C. § 1101(a)(27)(J) and 8 C.F.R. § 204.11(c)(3). *See* Notices of Decision; Mot. Dismiss [#22] at 14–17. According to USCIS, because "[d]ependency is recognized under Texas law as a type of custody proceeding," the SAPCR orders finding a duty of child support owed to Plaintiffs do not constitute "dependency" as required by the INA. *See* Mot. Dismiss [#22] at 13–14 ("In this case, the Texas court[s] found that [Plaintiffs' parent] had a duty of support, but the [SAPCR orders are] silent as to whether [Plaintiffs are] dependent on the court[s] and do[] not place [Plaintiffs] under the custody of any entity or individual.").

In response, Plaintiffs assert the SAPCR orders do declare Plaintiffs dependent on the Texas courts.[2] The INA, according to Plaintiffs, directs that the definition of "dependency" is prescribed by state law. *See* Resp. [#25] at 6 (citing 8 C.F.R. § 204.11(c)(3), which requires that the SIJ applicant "has been declared dependent upon a juvenile court located in the United States *in accordance with state law governing such declarations of* dependency"). Texas law does not define the term "dependency," as other states do. Still, Plaintiffs claim dependency on a juvenile court is not limited to custody determinations and includes child support orders, such as Plaintiffs' SAPCR orders. *See* Resp. [#25] at 14 (citing *Recinos v. Escobar*, 46 N.E.3d 60, 67–68 (Mass. 2016), where the court found the meaning of "dependent on a juvenile court" under Massachusetts law did not require a custody determination).

---

[2] Plaintiffs also claim the Court cannot consider this second reason for USCIS's denial because it was not a "rationale advanced by Defendants in their denials of Plaintiffs' SIJ petitions." Resp. [#25] at 11–12 (citing *Luminant Generation Co. LLC v. E.P.A.*, 675 F.3d 917, 925 (5th Cir. 2012), for the proposition that courts must "disregard any post hoc rationalizations of [an agency's] action and evaluate it solely on the basis of the agency's stated rationale at the time of the decision."). The Court disagrees. USCIS's Notices of Decision state "USCIS finds insufficient evidence to conclude that the SAPCR was issued by a *juvenile court* making a care and custody determination of a *juvenile*." *See* Notices of Decision. This statement indicates that Plaintiffs' applications were denied in part because the state court did not make "a care and custody determination" by awarding Plaintiffs child support.

C.   **Review of USCIS's Denial of Plaintiffs' SIJ Applications Under the APA**

Before discussing the merits of Plaintiffs' APA claims, the Court will address the issue of deference. A large portion of each parties' briefing is devoted to whether USCIS's interpretation of the INA, USCIS's regulations, and Texas state law is entitled to deference by this Court. *See* Mot. Dismiss [#22] at 18–20; Resp. [#25] at 16–17. USCIS argues the Court should apply *Chevron/Auer* deference to its interpretation of the INA and regulations. *See* Mot. Dismiss [#22] at 18–19. As Plaintiffs point out, however, *Chevron/Auer* deference applies "only when it appears that Congress delegated authority to the agency generally to make rules carrying the force of law, and that the agency interpretation claiming deference was promulgated in the exercise of that authority." *Gonzales v. Oregon*, 546 U.S. 243, 255–56 (2006) (internal quotation and citation omitted). The Court concludes *Chevron/Auer* deference does not apply to any of USCIS's interpretations since USCIS's non-precedential decision to deny Plaintiffs' SIJ applications does not "carry the force of law." *See, e.g., Dhuka v. Holder*, 716 F.3d 149, 154–55 (5th Cir. 2013) (finding *Chevron* deference did not apply to unpublished Board of Immigration Appeals opinion); *Hanford v. Chertoff*, No. 08-CV-795, 2009 WL 1684567, at *4 (W.D. Tex. Jun. 16, 2009) (refusing to apply *Chevron* deference to non-precedential USCIS decision). USCIS's interpretation, however, still has the "power to persuade" this Court pursuant to *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944). *See, e.g., Guerrero v. Johnson*, 138 F. Supp. 3d 754, 757 (E.D. La. 2015) (applying *Skidmore* deference to USCIS decision).

The Court now turns to whether USCIS's denials of Plaintiffs' SIJ applications exceeded its statutory authority or were arbitrary and capricious.

1.      **The USCIS's denial did not exceed its statutory jurisdiction or authority.**

Plaintiffs argue USCIS's denial of their SIJ applications, which, as explained in Section II.B., involved an analysis of Texas law, exceeded USCIS's statutory authority. The INA establishes a unique process for SIJ applicants that involves the collaboration of state juvenile courts and USCIS. The state juvenile courts are tasked with determining the matters of child custody and welfare involved in SIJ proceedings. *See* 8 U.S.C. § 101(a)(27)(J)(i)–(ii) (referencing the determinations of a juvenile court); USCIS Interoffice Memorandum from William R. Yates, Assoc. Dir. for Operations, to Reg. Dirs. & Dist. Dirs. (May 27, 2004) at 4–5 (2004 Memo)[3] (indicating that where the record demonstrates a reasonable factual basis for the juvenile court's order, USCIS should not question the court's ruling); *In re Self-Petitioner*, 2012 WL 8597755, at *4 (Nov. 2, 2012) ("USCIS is neither the fact finder nor an expert in regards to these issues of child welfare under various state laws. Rather, the [SIJ] statute explicitly defers such findings to the expertise and judgment of the juvenile court."); USCIS Memorandum from Lori Scialabba, Dep. Dir., to January Contreras, USCIS Ombudsman (July 13, 2011) at 4 (2011 Memo)[4] ("USCIS recognizes that it does not have the jurisdiction or expertise to evaluate a child's claim of parental abuse, neglect, or abandonment under the relevant state law.").

Once the state juvenile court has made its findings, the USCIS makes the final immigration determination to approve or deny the SIJ application. *See* 8 U.S.C. § 1101(a)(27)(J)(iii) (requiring the Secretary of Homeland Security, usually through USCIS and its directors, to consent to the grant of SIJ status). The USCIS's consent "is an acknowledgment that the request for SIJ classification is bona

---

[3] The 2004 Memo is available at https://www.uscis.gov/sites/default/files/USCIS/Laws/Memoranda/Static_Files_Memoranda/Archives%201998-2008/2004/sij_memo_052704.pdf.

[4] The 2011 Memo is available at https://www.uscis.gov/sites/default/files/USCIS/Resources/Ombudsman%20Liaison/Responses%20to%20Formal%20Recommendations/cisomb-2011-response47.pdf.

fide." 2004 Memo at 3 (quoting H.R. Rep. No. 105-405 at 130 (1997)). Because the USCIS is not a fact finder, the USCIS's credibility determination is not a reexamination of the juvenile court's findings. 2011 Memo at 4–5; *In re: Self-Petitioner*, 2015 WL 3545456, at *3 (May 7, 2015) (A USCIS officer cannot go "behind the district court's order to make his own determination under state child welfare law."). Instead, USCIS decides whether the SIJ benefit was "sought primarily for the purpose of obtaining the status of an alien lawfully admitted for permanent residence, rather than for the purpose of obtaining relief from abuse of neglect or abandonment" and examines the relevant evidence only to ensure that the record contains "a reasonable factual basis . . . for the [juvenile] court's rulings." 2004 Memo at 2, 4–5 (internal quotation and citation omitted).

The Court finds USCIS's denial of the SIJ applications did not exceed its authority under the INA. The USCIS found "insufficient evidence to conclude that the SAPCR was issued by a *juvenile court* making a care and custody determination of a *juvenile*." *See* Notices of Decision. The Court agrees—the SAPCR orders do not contain a reasonable basis for the findings that the Texas courts were "juvenile court[s]" and Plaintiffs were dependent on those courts. While Plaintiffs provide a plausible construction of Texas law supporting the Texas court's jurisdiction and Plaintiffs' dependency, none of their arguments are found within the Texas courts' SAPCR orders, which is what USCIS reviewed in making its decisions. For instance, the SAPCR orders do not assert jurisdiction over Plaintiffs as "child[ren]" defined by Section 101.003(b) of the Texas Family Code. *See* SAPCR Orders; *Matter of A-P-M-G*, 2016 WL 2772652, at *2–3 (Apr. 22, 2016) (Administrative Appeals Office affirmed USCIS's denial of SIJ application based on state court's lack of jursidiction since the state court order "cited only to the federal definition of the term ['juvenile']" to establish jurisdiction). Most importantly, the SAPCR orders do not provide any basis for the finding that an award of child

support constitutes dependency under Texas law. *See* SAPCR Orders. The SACPR orders do not identify any statutory or legal authority under Texas law that supports finding the child support awards established Plaintiffs' dependency. *Compare to In re Hei Ting C.*, 109 A.D.3d 100, 106 (N.Y.S. 2013) (discussing Family Court's *explanation* that dependency requirement had not been satisfied through child support award). Thus, USCIS did not exceed its authority in denying the SIJ applications since the Texas courts did not provide a reasonable basis for their jurisdictional and dependency findings.

### 2. USCIS's denial was not arbitrary and capricious.

Agency action is arbitrary and capricious "if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Luminant Generation Co.*, 675 F.3d at 925; *Wilson v. U.S. Dep't of Agric.*, 991 F.2d 1211, 1215 (5th Cir. 1993) (Agency action is arbitrary and capricious "only when it is 'so implausible that it could not be ascribed to a difference in view or the product of agency expertise.'") (internal citation omitted). "The agency decision need only have a rational basis, and it does not have to be a decision which the court would have made." *Wilson*, 991 F.2d at 1215.

In this case, USCIS's denial of Plaintiffs' SIJ applications was not arbitrary and capricious. The INA authorized USCIS's analysis of the SAPCR orders to determine whether the Texas courts had a rational basis for their findings. As discussed above in Section II.C.1, USCIS found the Texas courts did not have a rational basis for finding Plaintiffs were juveniles and dependent as prescribed by the INA. USCIS, following its statutory authority, then reasonably denied Plaintiffs' SIJ applications because they did not include a sufficient dependency order by a juvenile court. Its action was not

arbitrary or capricious.[5]

## Conclusion

The Court finds USCIS's denial of Plaintiffs' SIJ applications was within its statutory authority and was not arbitrary and capricious. Therefore, because Plaintiffs' claims that USCIS violated the APA fail as a matter of law, the Court GRANTS USCIS's Motion to Dismiss. Although leave to amend a complaint is to be freely given, here additional amendment of the complaint would be futile. Plaintiffs' First Amended Complaint must be DISMISSED WITH PREJUDICE.

Accordingly,

IT IS ORDERED that Defendants' Motion to Dismiss [#22] is GRANTED;

IT IS FURTHER ORDERED that Plaintiffs' First Amended Complaint [#21] is DISMISSED WITH PREJUDICE; and

IT IS FINALLY ORDERED that all other pending motions are DISMISSED.

SIGNED this the 21st day of October 2016.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE

---

[5] Finally, the Court also rejects Plaintiffs' argument that the policies underlying the full faith and credit statute, 28 U.S.C. § 1738, apply to this case. *See* Resp. [#27] at 20. In essence, Plaintiffs argue USCIS should grant preclusive effect to the SAPCR orders. *See id.* As Plaintiffs admit, however, "[u]nder the plain language of the statute, § 1738 applies only to courts and not agencies." Resp. [#25] at 20. In light of this plain language, the Court will not apply the statute here.